IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| AMANDA SCHATZ, individually and on behalf of all others similarly situated. **Plaintiffs,** v. QUAPAW HOUSE, INC.; CASEY BRIGHT. **Defendant.** | Case. No. _____ **PROPOSED COLLECTIVE AND CLASS ACTION** |

## COMPLAINT

Plaintiff Amanda Schatz, on behalf of herself and all other similarly situated employees comes before this Court and for her Complaint states:

## INTRODUCTION

Amanda Schatz ("Schatz") brings this collective action individually and on behalf of others similarly situated against Quapaw House, Inc. ("QHI") and Casey Bright ("Bright") to remedy violations of the Fair Labor Standards Act ("FLSA") (as amended), 29 U.S.C. §201, *et. seq* and the Arkansas Minimum Wage Act ("AMWA") Arkansas Code Annotated § 11-4-211; for Declaratory Judgements pursuant to Ark. Code Ann. Ann. § 16-111-101 *et. seq.* and 28 U.S. Code § 2201 and/or Equitable Relief.  Plaintiff seeks full back pay, liquidated damages, prejudgment and post-judgment interest, reasonable attorney's fees, costs, and expenses, and any and all other relief to which each Plaintiff is entitled as a result of the violations of the Defendant alleged herein.  The Plaintiff further seeks Declaratory Relief that Arkansas Code Annotated §  11-4-218(e)(4), Act 910 of 2019, §  5319 thereof, is unconstitutional and unenforceable under Arkansas law, in light of its contradiction to Amendment 80 of the Arkansas Constitution.

**PARTIES, JURISDICTION, & VENUE**

1. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and (4), 29 U.S.C. §201, et. seq. Plaintiff also seeks a permanent injunction and a declaratory judgment under 28 U.S.C. §§2201 and 2202 and Ark. Code Ann. § 16-111-101 *et. seq.*, declaring that the Defendant violated the FLSA and AMWA through its payment practices and procedures regarding the employee Plaintiff and all others similarly situated,.This Court also has jurisdiction over Plaintiff's claims under Arkansas Code Annotated §§ 11-4-211, 218 and under § 16-111-101 *et. seq.* pursuant to the plenary power of the Court to invoke its pendant jurisdiction over causes of action arising under the laws of the State of Arkansas.

2. Venue herein is proper under 28 U.S.C. §1391.

3. At all times relevant to this lawsuit, Plaintiff and those similarly situated have been entitled to the rights, protection and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

4. Plaintiff, on behalf of herself and all those similarly situated seek this collective action for compensation and other relief under the FLSA, as amended, 29 U.S.C. §§ 215, 216(b) and 217.

5. Schatz is an individual residing in Centerton, Arkansas, in the Fayetteville Division of the Western District of Arkansas and an employee employed a program director for QHI's facility in Bentonville known as Decision Point.

6. Quapaw House, Inc. ("QHI") is an Arkansas Non-Profit Corporation that provides residential treatment and mental health services and maintains its home office in Hot Springs, Arkansas, which is in the Hot Springs Division of the Western District of Arkansas.

7. At all times relevant, Casey Bright was the Chief Executive Officer of QHI and is an individual who resides in the State of Arkansas and established and maintained the policies of payment (or failure of payment) at issue in this case, and at all times relevant was the Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

8. Venue is proper in this Court as the Plaintiff resides in this District and is employed in this Division and the Defendant maintains its home office within this District.

## COLLECTIVE ACTION ALLEGATIONS

9. At all times relevant, Defendant engaged in interstate commerce with an annual volume of sales of not less than $500,000 and Defendant constitutes an "enterprise" engaged in commerce as defined in 29 U.S.C. §§203(r), 203(s).

10. Defendant also engaged in mental health and inpatient services and "[t]he FLSA applies to employees of certain institutions primarily engaged in the care of sick, aged, mentally ill…clients who reside on the premises. The FLSA applies whether the institution is public or private or is operated for profit or not-for-profit." FLSA Fact Sheet #33.

11. At all times relevant, QHI has been an "employer" engaged in interstate commerce and/or production of "goods" for "commerce" within the meaning of FLSA, 29 U.S.C. § 203.

12. Schatz seeks to represent a company-wide collective action of all persons who worked for or work for QHI and/or Bright and who were/are subject to QHI and/or Bright's unlawful pay practices and policies described herein at any point from February 1, 2020 until the present, which is the period of time at issue herein, (members of this putative class are referred to herein as "Putative Plaintiffs").

13. Schatz's claims are typical of the claims of Putative Plaintiffs, because she, like all Putative Plaintiffs, were employees of QHI and/or Bright whom QHI/Bright **failed to pay** from February 25, 2020 until the present date.

14. Schatz will fairly and adequately protect the interests of Putative Plaintiffs, because her interests are consistent with those of the class, and because she has retained counsel with experience in the prosecution of claims involving employee wage disputes.

15. No difficulties are expected to be encountered in the management of any collective action that would preclude its maintenance as a collective action.  The class will be made up of all QHI/Bright employees who have not been paid for his or her work since February 25, 2020.

16. Further, since on or around February 8, 2020, each of the affected employees has had his or her paycheck reduced for health insurance that was not provided by QHI.

17. Similarly situated employees are known to QHI/Bright and are readily identifiable by them and can be located through their records.  Schatz does not know the exact size of the potential class as such information is in the exclusive control of QHI, however, on information and belief, the number of potential Putative Plaintiffs is estimated to be over two hundred.

18. This FLSA collective action, 29 U.S.C. §§ 207, should be defined specifically as follows:

    "All employees of Quapaw House, Inc. employed by Quapaw House, Inc., within the three years preceding the filing of this action, who were not paid wages for his or her work in violation of the Fair Labor Standards Act."

19. The common questions of law and fact for each member of the collective actions predominate over questions that affect only individual members of the class.  Among

those questions of law and fact common to the class is whether QHI failed to compensate its employees.

## CLASS ACTION ALLEGATIONS

20. Schatz restates and incorporates the preceding paragraphs of her Complaint herein by reference.

21. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Schatz brings her claims for relief on behalf of herself and those similarly situated.

22. She seeks to represent a class of all persons who worked or work for Defendants and who were not paid their wages, or who had his or her wages unlawfully reduced for benefits not provided.

23. The class is so numerous that the joinder of all class members is impracticable. Schatz does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be more than two hundred.

24. Schatz's claims are typical of the claims of the putative class members, because Schatz, like all Class Plaintiffs, were employees of Defendants who were denied compensation for compensable hours worked in violation of Arkansas law.

25. Schatz will fairly and adequately protect the interests of the putative class because her interests are consistent with and not contrary to, those of the class. Schatz has retained counsel with experience in the prosecution of claims involving employee wage disputes.

26. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

28. This first group of this Class Action Class should be defined specifically as follows:

    "All Agents employed by Quapaw House, Inc., within the three years preceding the filing of this action, who were not compensated for his or her work in violation of the Arkansas Minimum Wage Act."

29. The common questions of law and fact for each member of the first group of this Class Action Class predominate over questions that affect only individual members of the class. Among those questions of law and fact common to the class is whether QHI failed to compensate its employees in violation of the Arkansas Minimum Wage Act.

**FACTUAL ALLEGATIONS RELATED TO COMPENSATION**

30. Schatz restates and incorporates the preceding paragraphs of her Complaint herein by reference.

31. QHI has not paid its employees, specifically including the Plaintiff and those similarly situated to her, since paychecks issued on February 25, 2020. for work performed since that date.

32. QHI reduced employee paychecks for certain benefits, including health coverage, that were not provided as health coverage for all employees terminated on January 31,

2020 yet paychecks delivered in February were still deducted for payment of health coverage. Of course, no paychecks were delivered in March or April 2020.

33. QHI operates medical and mental health facilities throughout the state of Arkansas.

34. As part of those operations, QHI offers in-patient treatment centers.

35. QHI charges private insurance carriers and federal programs for its primary source of revenue.

36. QHI relies upon donations to a lesser extent to fund its services.

37. As of the most recent Form 990 on file with the IRS (2017), QHI reported over $7mm in revenue and over $4.2mm in wages.

38. Casey Bright as CEO of QHI (until his resignation on March 18, 2020 to run a management company which then hired by QHI), has had and maintained direct control over the pay practices of QHI. He has maintained the ability to hire and fire employees, and to direct the performance of their work.

39. Defendants' business operations, and the wages and compensation of Plaintiff and all others similarly situated are substantially similar, if not identical, at each of Defendants' locations across the State of Arkansas.

40. By their actions, Defendants knowingly failed to pay overtime to Plaintiff and all others similarly situated in violation of the FLSA.

41. Defendants' conduct is willful and in bad faith. Plaintiff and all others similarly situated are entitled to liquidated damages for such conduct and for an applicable statute of limitations period of three years.

## CAUSES OF ACTION

**COUNT I: VIOLATION OF 29 U.S.C. §§ 206, 207
FAILURE TO PAY COMPENSATION**

7

42. Plaintiff restates and incorporates herein by reference the preceding paragraphs of their Complaint as if fully set forth herein.

43. Defendant QHI by and through its employees and agents, have violated the rights of Plaintiff as provided by the FLSA, 29 U.S.C. § 206, 207.

44. At all times relevant, Defendants were engaged in commerce and subject to the provisions of the FLSA.

45. Plaintiff and others similarly situated are employees of Defendants and were not paid wages, including any overtime to which they may be entitled, for work performed from February 25, 2020 until the present.

46. Plaintiff and others similarly situated performed work during that period of time for which they were not compensated.

47. Defendants haves violated the FLSA by failing to pay Plaintiff and all other similarly situated employees compensation for work performed from February 25, 2020 until the present.

48. Defendants have not made a good faith effort to comply with the FLSA.

49. The Defendants' conduct was willful within the meaning of 29 U.S.C. §225(a).

50. The Defendants knowingly failed to compensate the Plaintiffs and other similarly situated individuals for their work, electing instead to accept the benefit of uncompensated work.

51. No exemption prevented the Defendants from paying Plaintiffs and all others similarly situated proper overtime compensation.

**COUNT II: VIOLATION OF ARK. CODE ANN.**
**§§11-4-210, 211; 11-4-401 FAILURE TO PAY COMPENSATION**

52. Schatz restates and incorporates herein by reference the preceding paragraphs of her Complaint.

53. The acts and omissions alleged herein are in violation of Ark. Code Ann. §§ 11-4-210, 211; and Ark. Code Ann. § 11-4-401.

54. Plaintiff and others similarly situated each preformed work from February 25, 2020 until at least March 30, 2020, for which they were not paid their regular work rate, minimum wages, or overtime to which they are entitled.

55. Plaintiff brings these claims on her behalf and on behalf of all others similarly situated Agents who have not been fully compensated for work performed and time spent for the benefit of Defendants.

56. Plaintiff and other similarly situated individuals were denied wages as a result of Defendants' pay practices. The Defendants' violations were willful and intentional.

57. Defendants further failed to pay employees monthly or semi-monthly during March and April 2020 in violation of Ark. Code Ann. § 11-4-401.

58. Schatz's requests related to this prayer for damages under the Arkansas Minimum Wage Act meet the requirements of FED. R. CIV. P. 23(a), (b)(2) and (b)(3).

**COUNT III: DECLARATORY JUDGMENT**
**PERTAINING TO UNCONSTUTIONALITY OF ARK. CODE ANN. § 11-4-218(e)(4)**

59. Pursuant to Ark. Code Ann. § 16-111-102 *et. Seq.* [a]ny person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

60. In 2019, the Arkansas General Assembly, through Act. No. 910 added a Section "e(4)" to that which is codified as Ark. Code Ann. § 11-4-218. That addition states: **"(4)** An

9

employee shall not become a party plaintiff to an action under subdivision (e)(1) of this section unless he or she gives consent in writing to become a party to the action and files the consent in the court in which the action is brought."

61. The singular effect of such a provision is to remove the availability of Rule 23 Class Actions from wage violation cases which directly limits the availability of such remedies to all potential plaintiffs victims of the unlawful pay practices of the Defendants.

62. Arkansas Courts have consistently found that its "state constitution has long recognized the importance of separation of powers. It reads, "[n]o person or collection of persons, being of one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted." Ark. Const. art. 4, § 2. Most importantly, amendment 80, § 3 to the Arkansas Constitution instructs that the Arkansas Supreme Court "shall prescribe the rules of pleading, practice and procedure for all courts."  *Johnson v. Rockwell Automation, Inc.*, 308 SW 3d 135, 140, 2009 Ark. 241 (2009).

63. The Courts have routinely struck down acts that affected the rules of procedure. "Rules regarding pleading, practice, and procedure are solely the responsibility of this court." *Id.*

64. Ark. Code Ann. § 11-4-218(e)(4) does nothing except to change the rules of procedure for class actions related to wage violations and to invalidate Rule 23.

65. As such, it should be held to be unconstitutional by this Court or submitted for certification to the Arkansas Supreme Court.

66. Schatz's requests related to this prayer for declaratory judgment meet the requirements of FED. R. CIV. P. 23(a), (b)(2) and (b)(3).

**PRAYER FOR RELIEF**

67. Schatz prays for a bench trial and reserves the right to amend this Complaint as permitted by the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff Amanda Schatz, individually and on behalf of all those similarly situated to her, respectfully demands the following:

A. Issuance of notice as soon as possible to all persons who were employed by Defendant at any point since February 25, 2020 related to the Defendants" failure of compensation and for notice to any person employed by the Defendants whose pay was deducted for benefits not provided at any point during the prior three years. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt in to this lawsuit if they were not paid wages and/or overtime compensation for their hours worked in any week during that period;

B. Designation of this action as a collective action on behalf of the FLSA collective action class pursuant to 29 U.S.C. §216(b);

C. Finding that the Defendants' violations of the FLSA were willful;

D. Damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), wages improperly deducted, and unpaid minimum wages and other injuries, as provided by the FLSA;

E. Liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;

F. Enjoining and restraining Quapaw House, Inc. and Casey Bright from violating provisions of the FLSA and entering judgment herein against Quapaw House, Inc. and Casey Bright in the amount due Amanda Schatz and other employees of Quapaw House, Inc. similarly situated for unpaid compensation;

G. Declaring and certifying this action as a proper class action under Fed. R. Civ. P. 23 for the claim that Quapaw House, Inc. and Casey Bright violated the AMWA and naming the Plaintiff Amanda Schatz as proper class representative;

H. Declaring and determining that Quapaw House, Inc. violated the AMWA by failing to properly pay compensation due to the Plaintiff Amanda Schatz and other members of the class;

I. Enjoining and restraining Quapaw House, Inc. from violating provisions of the AMWA and entering judgment herein against Quapaw House, Inc. in the amount due Amanda Schatz and other employees of Quapaw House, Inc. similarly situated for unpaid compensation;

J. An award of damages for compensation withheld from Plaintiff Amanda Schatz, the putative Class Action Plaintiffs, and others with similar job titles, duties, and compensation structures, to be paid by Quapaw House, Inc and/or Casey Bright;

K. An award of additional damages as a statutory penalty, pursuant to Ark. Code Ann § 11-4-218(a) for willfully withholding wages from the compensation of Plaintiff Amanda Schatz and the putative Class Action Plaintiffs;

L. Pre-Judgment and Post-Judgment interest, as provided by law; and

M. Entry of an Order for a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

N. All applicable penalties for the violations set forth herein;

O. An award of reasonable attorney's fees, expenses, expert fees and costs incurred in vindicating the rights of Plaintiffs;

P. An award of pre-judgment interest and post-judgment interest at the highest rate permitted by law;

Q. Leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

R. Leave to amend to add claims under applicable state and federal laws;

S. An order requiring Defendant to preserve all electronically stored information relevant to this claim;

T. A declaration that, Ark. Code Ann. § 11-4-218(e)(4), Act 910 of 2019, is an unconstitutional attempt by the General Assembly of the State of Arkansas to infringe upon the Arkansas Judiciary's power to provide for rules of pleading and procedure; and

U. Any and all other relief to which any named Plaintiff or Putative Plaintiff is entitled.

JURY TRIAL DEMANDED.

    Respectfully Submitted on behalf of herself and of all other similarly situated,

    Amanda Schatz

    BY: /s/George M. Rozzell IV
    George M. Rozzell IV
    AR Bar No. 2008032
    Kristin Pawlik
    AR BAR No. 1999177
    Miller, Butler, Schneider, Pawlik, & Rozzell PLLC
    112 W. Center St.
    Fayetteville, AR 72701
    479.621.0006
    grozzell@arkattorneys.com
    kpawlik@arkattorneys.com