IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| AMANDA SCHATZ,<br>individually and on behalf of all others<br>similarly situated.<br><br>         Plaintiffs,<br>v.<br><br>QUAPAW HOUSE, INC.;<br>CASEY BRIGHT.<br><br>         Defendants. | Case. No. 5:20-cv-05066-TLB |

**BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Plaintiff Amanda Schatz comes before this Court and for her Brief in Support of her Motion for Class Certification states:

### I.     INTRODUCTION & BACKGROUND

On April 17, 2020, Plaintiff Amanda Schatz filed this action against Quapaw House, Inc. ("QHI") and Casey Bright for pay under the Fair Labor Standards Act 29 CFR § 541.602t ("FLSA") (as amended), 29 U.S.C. section  § 201, *et seq.*, and under Arkansas Code Annotated §§ 11-4-210, 211 and § 11-4-401 (Complaint, ECF Doc. 1).  Since that time, the employees of QHI have been terminated (*see* Exhibit A, Notice of Termination), yet they have still not been paid in violation of Arkansas Code Annotated § 11-4-405.  *See* Exhibit B, Letter Regarding Receiver and Pay.

Neither Defendant has timely answered the complaint and each has been found in default by the Clerk.  A Motion for Hearing on Default Judgment is filed contemporaneously with this Motion.  The Plaintiff has yet to move for conditional certification of her FLSA action due to these Defaults since the issues addressed in this Motion for Class Certification and the Motion for Default might well render recovery under an FLSA Collective Action duplicitous.  To date, eighty-nine individuals have expressed his or her consent to join this action (simply by word of mouth) and not by any formal process.

The Plaintiff's Complaint also seeks a declaration from this Court that Arkansas Act 910 of 2019, § 5319 ("Act 910") is unconstitutional, as it invades the Court's authority to set and establish rules of procedure. For that reason, the Attorney General of the State of Arkansas is being notified of this Motion. The Complaint alternatively requests, as opposed to a declaration of constitutionality, that the constitutionality of Act 910 be certified to the Arkansas Supreme Court.

    a. **PARTIES**

Quapaw House, Inc. is incorporated in Arkansas and headquartered in Hot Springs, Arkansas. It has operated offices around this state, including in Bentonville. In accordance with an order of the Garland County Circuit Court in Hot Springs, Levi Hospital is currently the Court Appointed Receiver for the entity. *See* Exhibit B, *see also* Order Appointing Receiver in Garland County, Arkansas Case No. 26CV-20-377. Named Plaintiff, Amanda Schatz, worked as an employee of the Bentonville facility operated by QHI.

    b. **PLAINTIFF AND THE PUTATIVE CLASS UNIFORMLY SUFFERED IMPROPERLY WITHHELD WAGES.**

Despite being promised wages, QHI and Bright, as its CEO, failed to pay their employees for work performed from February 25, 2020 until each was furloughed or otherwise terminated from employment. QHI and Bright also unlawfully withheld deductions from the employees' paychecks for the purpose of diverting those funds to pay for health insurance premiums. The health insurance premium payments were not forwarded on behalf of said employees after February 1, 2020. The employees have now been terminated, and no back wages have been paid since that time.

II.    **LEGAL ARGUMENT**

    a. **ARKANSAS ACT 910 of 2019, § 5319 IS UNCONSTITUTIONAL IN VIOLATION OF ARK. CONST. AMEND. 80, § 3.**

As the Plaintiff seeks class certification by this Motion, she is mindful that it is her burden to be able to do so that she must successfully challenge the 2019 enacted legislation contained in Act 910 of 2019, § 5319 thereof**.** She recognizes that all statutes are presumed constitutional,

and that the Arkansas Supreme Court resolves all doubts in favor of constitutionality, *Ark. Tobacco Control Bd. v. Sitton*, 357 Ark. 357, 166 S.W.3d 550 (2004), and that the party challenging a statute's constitutionality has the burden of proving that the act is unconstitutional. *Id*.  Here though, because Act 910 explicitly conflicts with Article 4 § 2 and Amendment 80 § 3 of the Arkansas Constitution, the unconstitutionality is clear.

Act 910 of 2019 provided, for the first time, that under Arkansas's Minimum Wage Laws, specifically Ark. Code Ann. A.C.A. § 11-4-218 (e)(4), "[a]n employee shall not become a party plaintiff to an action under subdivision (e)(1) of this section unless he or she gives consent in writing to become a party to the action and files the consent in the court in which the action is brought."  This act, by its requirement that Plaintiffs "opt-in", limits a Court's ability to certify a Class Action under Federal or Arkansas Rule of Civil Procedure 23, thereby invading the Supreme Court's rulemaking authority.

Rules 23 of both the Arkansas and Federal Rules of Procedure provide prerequisites to class action and the procedure by which each should be maintained.  Act 910 eliminates the possibility that wage claims (like this one) may be properly raised by and through class action regardless of whether Rule 23 would be the most efficient means of resolving a dispute.

The Arkansas Supreme Court in 2009 addressed the constitutionality of pre-suit procedural requirements enacted as part of the Civil Justice Reform Act of 2003 (Act 649 of 2003). *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, 308 S.W.3d 135, 140, 141 (2009).  There, it recognized that:

> "Our state constitution has long recognized the importance of separation of powers. It reads, "[n]o person or collection of persons, being of one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted." Ark. Const. art. 4, § 2. Most importantly, amendment 80, § 3 to the Arkansas Constitution instructs that the Arkansas Supreme Court "shall prescribe the rules of pleading, practice and procedure for all courts."

> "We have previously struck down acts that conflicted with our procedure for commencing civil actions. In *Summerville v. Thrower*, 369 Ark. 231, 253 S.W.3d 415 (2007), this court struck down the statutory requirement to submit a

>reasonable-cause affidavit within thirty days of filing a 141*141 complaint as unconstitutional. Prior to *Summerville*, this court struck down as unconstitutional the sixty-day notice statute that governed actions for medical injury. *See Weidrick v. Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992). In *Weidrick*, we noted that the statute required a sixty-day notice to sue as a condition before commencing an action for medical injury. See id. This court reasoned in both cases that, "[w]e can think of few rules more basic to the civil process than a rule defining the means by which complaints are filed and actions commenced for a common law tort." *Summerville*, 369 Ark. at 239, 253 S.W.3d at 420 (citing *Weidrick*, 310 Ark. at 146, 835 S.W.2d at 847). We noted in *Summerville* that the legislation in that case, as well as the legislation in *Weidrick*, had added an encumbrance to commencing a cause of action that was not found in Ark. R. Civ. P. 3. See *Summerville*, supra."
>The Court added that "…we take this opportunity to note that so long as a legislative provision dictates procedure, that provision need not directly conflict with our procedural rules to be unconstitutional. This is because rules regarding pleading, practice, and procedure are solely the responsibility of this court. See Ark. Const. amend. 80, § 3."

*Id.*

The Legislature's elimination of the availability of class actions from unpaid workers, as in this case, removes from them the option and availability of the processes set for by Rule of Procedure 23, whether such rules are of those of Arkansas (Rule 23(c)(2) [notice of right to be excluded' rather than requirement to opt in]), or in this instance, the Federal Courts (Rule 23(c)(2)(B)(v) [same].  Act 910 is in direct conflict with the Arkansas Constitution as "rules regarding pleading, practice, and procedure are solely the responsibility of this court."  As this Court exercises supplemental jurisdiction over the Plaintiff's state law claims, it should find that Act 910 is unconstitutional in its limitation of the available forms of remedies provided by the appropriate rules of civil procedure. The Mandate that Putative Plaintiffs shall opt-in to a "class action" is patently in conflict with Arkansas and the Federal Rules' No. 23's processes and procedures.  Should the Court not be inclined to weigh in on Arkansas law to that effect, the Plaintiff requests that this Court seek certify this important case of first impression to the Arkansas Supreme Court for guidance.

### b. PLAINTIFF'S ARKANSAS STATE LAW CLAIMS SHOULD BE CERTIFIED UNDER RULE 23.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff requests the Court certify "[a]ll current and former employees of QHI or Casey Bright since January 1, 2020", approve the Plaintiff as Class Representative, and appoint Miller, Butler, Schneider, Pawlik, & Rozzell, PLLC as Class Counsel.

To maintain a class, Rule 23(a) requires: (1) a class so numerous that joinder of all members is impracticable; (2) questions of law or fact common to the class; (3) claims or defenses of the representative parties are typical to the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Fed. R. Civ. P. 23(a)*.

"The district court retains broad discretion in determining whether to certify a class, recognizing the essentially factual basis of the certification inquiry and… the district court's inherent power to manage or control pending litigation." *Browne v. P.A.M. Transport, Inc.*, (order January 25, 2019) (citing *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F. 3d 604, 616 (8th Cir. 2011). In *Wal-Mart Stores v. Dukes*, the Court cast aside the frequently cited proposition that courts are not to consider the merits of the plaintiff's underlying claim in the analysis and observed that the rigorous analysis required frequently will evaluate the merits of the claims presented. *WalMart Stores, Incorporated v. Dukes*, 131 S. Ct. 2541, 2551-2552 (2011). Subsequent to *Dukes*, however, the Court in *Amgen, Inc. v. Connecticut Retirement Plans and Trust Funds* cautioned that "free-ranging merits inquiries" are not appropriate under Rule 23 and that "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." 133 S. Ct. 1184, 1194-95 (2013). *See* also *Messner v. Northshore University Health System*, 669 F.3d 802, 811 (7th Cir. 2012) (cautioning that district courts may not "turn the class certification proceedings

into a dress rehearsal for the trial on the merits."). Nonetheless, the merits here warrant certification.

### i. PLAINTIFF SATISFIES THE RULE 23(A) REQUIREMENTS.

#### A. The Putative Class Members are ascertainable and numerous.

When determining whether the numerosity requirement is met, the Court considers the number of persons in the proposed class, "the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all putative class members." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982).

In this case, the putative class is ascertainable – having already been identified – and numerous. There are more than 200 potential members of the class who have been employed by QHI and Bright since February 1, 2020, (*see* Complaint at ¶ 17) each of whom are employed in various locations around the State of Arkansas.  Given this quantity and range of locale, joinder of each of these individual's claims would be impractical. There can be no dispute that the putative class is sufficiently numerous to satisfy Rule 23(a)(1).

#### B. There exist questions of law and fact common to the Class.

The requirement of commonality "may be satisfied where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." *Paxton v. Union Nat. Bank*, 688 F.2d at 560. As described, QHI and Bright's failure of payment are identical for all Employees, no matter his or her locale. The common questions of law and fact which warrant certification include, but are not limited to:

1) Whether each employee's suffering from payroll deductions for which insurance premium payments were not forwarded to the appropriate insurer was unlawful under Arkansas law.

2) Whether each employee's failure to receive pay pay for the time worked from February 25, 2020 until their dates of termination was unlawful under Arkasnas law.

3) Whether each employee's failure to receive all wages he or she was owed subsequent to being laid off or terminated – as is evidenced by the recent notices of termination delivered by the Defendant QHI's Court Appointed Receiver.

4) Whether QHI and Bright's failure to pay wages to Employees was willful and not in good faith in violation of Arkansas law.

Each of these issues are subject to common proof. Specifically, QHI and Bright's practices of payment for these employees are believed to be the same and attached as exhibits hereto. As evidenced by internal communications, the employees of QHI and Bright were not paid for their work, suffered improper deductions, and were each terminated without being paid wages owed.

### C.  Plaintiff's Claims are Typical of the Class.

The requirement of whether the Plaintiff's claims are typical to the class can be satisfied "if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." *Paxton v. Union Nat. Bank*, 688 F.2d at 561.  The Plaintiff's claim rests on the same legal theory as that of the Class, in that they all have not been paid for their work and all were subject to improper deductions.  This theory can be applied to each Employee, regardless of whether each Employee's damages may be different. The method of calculation of damages would be otherwise the same – determining each's hourly work rate or salary and deducing the pay each is owed for his or her work coupled with evaluating the withholdings that were made for which no benefit was provided.

### D.  The Plaintiff and her Counsel will fairly and adequately protect the interests of the Class.

"The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton*, at 562-63. The Defendants cannot say that her claims are not common with the members of the class, as they have admitted as much by their failure to Answer. Plaintiff filed this action promptly, obtained prompt service,

unilaterally gathered (by word of mouth) eighty nine individuals who wished to join, vigorously promoted this action amongst her former coworkers, and successfully obtained several opt-ins in the related FLSA Collective Action.

Plaintiff's Counsel is experienced in wage and hour matters before this very court and has acted deliberately and without delay in moving this case forward – having already commenced and significantly completed written discovery related to the issues in this case. Further, Plaintiff's Counsel's firm is also familiar and experienced in handling large wage and hour litigation, which like the present case, involves a coordinated effort of clients across a large area and the development of those claims. The Plaintiff should be confirmed as the Class Representative and her counsel should be appointed Class Counsel pursuant to Fed. R. Civ. P. 23(g).

    **ii.    PLAINTIFF SATISFIES THE RULE 23(B)(3) REQUIREMENTS AS QUESTIONS OF LAW OR FACT COMMON TO CLASS MEMBERS PREDOMINATE OVER QUESTIONS AFFECTING ONLY INDIVIDUALS.**

"A class action may be maintained if Rule 23(a) is satisfied and if…the court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation claims in the particular forum; and the likely difficulties in managing the class." Fed. R. Civ. P. 23(b)(3).

Subsection (b)(3) of Rule 23 requires there to be "questions of law or fact common to class members predominate over questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "When determining whether common questions predominate, a court must conduct a limited preliminary inquiry, looking behind the pleadings, but that inquiry should be limited to determining whether, if the plaintiffs' general allegations are true, common evidence could suffice to make out

a prima facie case for the class. While limited in scope, this analysis should also be rigorous." *In re Zum Pex Plumbing Prods. Liab. Litig.,* 644 F.3d 604, 618 (8th Cir. 2011) (internal citations and quotation marks omitted).

The question of predominance here is similar to that of the typicality of the Claim. The evidence here is that each Employee's claim for compensation is based on two determinations. Did each employee suffer work for which he or she was not paid, either through the normal pay processes or upon termination? Did each employee suffer from improper deductions from his or her wages for which he or she received no benefit?

### A.  The predominate issue here is that the Defendants have failed to pay each Employee all that he or she is owed for his or her work.

With the admitted primary allegations related to pay practices, the question is one of law. The Arkansas labor laws require workers to be compensated for his or her work, and require payment in full upon termination. *See* Ark. Code Ann. § 11-4-401; Ark. Code Ann. § 11-4-405.

Here, it is clear by the failure to pay wages from February 25, 2020 until this present date, even after the termination of each affected employee, that the predominate issue applies to each Putative Plaintiff.

### B. The Employees each suffered from improper deductions for which he or she received no benefit.

The Defendants, by their failure to answer, have also admitted that each Putative Plaintiff was the victim of improper deductions such that they have been enriched by the value of the deductions for which no benefits were provided.

As this Court has recently stated in the case of *P.A.M. Transport:* "While it is certainly true that class certification is inappropriate when it would confer a windfall on some class members, *See*, e.g., *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 774 (7th Cir. 2013), that concern is not present when individuals who have not suffered any damages can easily be identified and ultimately excluded from any award, *See*, e.g., *Stuart v. State Farm Fire and Cas. Co.*, 910 F.3d

371, 376–77 (8th Cir. 2018); *Bouaphakeo*, 765 F.3d at 797–98. So it is here. This particular defense can easily be resolved using common proof—namely, PAM's own administrative records." *Browne v. P.A.M. Transport, Inc.*, (order January 25, 2019). That same logic applies to QHI and Bright. That these employees suffered theft of their wages in the form of improper deductions predominates over the particularized issue of damages.

        **c.  THE ARKANSAS LABOR LAWS APPLY TO ALL EMPPLOYEES.**

There can be no dispute that the laws of Arkansas apply to this Arkansas Incorporation and its (at the time) Arkansas resident CEO for its Arkansas Employees. As such, no further analysis is needed for this prong of Rule 23 review.

**III.  PROPOSED NOTICE**

Pursuant to Fed. R. Civ. P. 23(c)(2), the Plaintiff has attached a proposed notice that should be delivered to each Class Member's last known address and email address – to the extent the same can be located from the Defendant QHI's Receiver. *See* Exhibit C. The notice clearly addresses (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Such notice should also be permitted to be sent via Electronic Means should such contact information become available.

**IV.  CONCLUSION**

Plaintiff Amanda Schatz respectfully requests that this Court grant her Motion, certify a class of Employees as she proposes, appoint her as Class Representative, appoint Miller, Butler, Schneider, Pawlik, & Rozzell, PLLC as class counsel, and approve the proposed notice and for all other relief to which she may be entitled.

Respectfully Submitted on behalf of herself and of all other similarly situated,

Amanda Schatz

BY: /s/George M. Rozzell IV
George M. Rozzell IV
AR Bar No. 2008032
Kristin Pawlik
AR BAR No. 2015150
Miller, Butler, Schneider, Pawlik, & Rozzell PLLC
112 W. Center St.
Fayetteville, AR 72701
479.621.0006
grozzell@arkattorneys.com
kpawlik@arkattorneys.com

## CERTIFICATE OF SERVICE

I, George Rozzell, hereby certify that on this 17th day of June 2020, I caused the foregoing filing to be delivered to the Arkansas Attorney General by electronic mail and U.S. Mail to:

Attorney General Leslie Rutledge
oag@arkansasag.gov
323 Center Street, Suite 200
Little Rock, AR 72201

/s/ George M. Rozzell IV
George M. Rozzell IV