IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| AMANDA SCHATZ, individually and on behalf of all others similarly situated. | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case. No. 5:20-cv-05066-TLB ) |
| QUAPAW HOUSE, INC.; CASEY BRIGHT. | ) ) ) ) ) |
| Defendants. | ) |

### BRIEF IN SUPPORT OF HEARING ON DEFAULT JUDGMENT

Plaintiff Amanda Schatz comes before this Court and for her Brief in Support of her Motion for Hearing on Default Judgment states:

On April 17, 2020, Plaintiff Amanda Schatz filed this action against Quapaw House, Inc. ("QHI") and Casey Bright for pay under the Fair Labor Standards Act 29 CFR § 541.602t ("FLSA") (as amended), 29 U.S.C. section § 201, *et seq.*, and under Arkansas Code Annotated §§ 11-4-210, 211 and § 11-4-401 (Complaint, ECF Doc. 1). Since that time, the employees of QHI and Bright, as its former CEO, have been terminated, yet the employees have still not been paid. That continued failure is in violation of Arkansas Code Annotated § 11-4-405.

As noted by the Clerk, neither Defendant timely answered the Complaint and has been found in Default. See ECF Doc. 14. Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but `it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688 (3d ed. 1998)); see *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) ("[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested."). Thus, the Plaintiff hereby applies to

the Court for a confirmation that each Defendant is in Default and find all facts pled in the Complaint as being true.  The Plaintiff further requests that the Court set this matter for hearing to determine the damages due to the Plaintiff and each other potential Putative Plaintiff.  *See* Fed.R.Civ.P. 55(b)(2).

As the Plaintiff argues in her contemporaneous Motion for Class Certification, this case would be properly and most efficiently resolved as a class action given the uniform nature of the unlawful wage practices pled in the Complaint and the ease of computing such damages.  As such, she requests this matter also be set for hearing or for determination of the issue of Declaratory Judgment that is sought in the Complaint.  Because that claim requests the declaration of an Arkansas Statute's unconstitutionality, the Attorney General is being notified of that request such that her office may have an opportunity to respond.  It is the Plaintiff's goal by the time such hearing is set to have obtained from the Receiver appointed by the Garland County Circuit Court records from which damages may be easily calculated and proven for each Putative Plaintiff from whom the Defendants unlawfully withheld wages.

WHEREFORE, Plaintiff Amanda Schatz prays the Court confirm the finding that the Defendants are Default and set this matter for hearing on damages and to determine the Plaintiff's request for declaratory relief and for all other relief to which she is entitled.

      Respectfully Submitted on behalf of herself and of all other similarly situated,

      Amanda Schatz

      BY:  /s/George M. Rozzell IV
      George M. Rozzell IV
      AR Bar No. 2008032
      Kristin Pawlik
      AR BAR No. 2015150
      Miller, Butler, Schneider, Pawlik, & Rozzell PLLC
      112 W. Center St.
      Fayetteville, AR 72701
      479.621.0006
      grozzell@arkattorneys.com
      kpawlik@arkattorneys.com