IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AMANDA SCHATZ, Individually and
on Behalf of All Others Similarly Situated                                    PLAINTIFF

V.                              CASE NO. 5:20-CV-5066

QUAPAW HOUSE, INC. and
CASEY BRIGHT                                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Amanda Schatz's Amended Motion to Certify Class (Doc. 40) and Memorandum Brief in Support (Doc. 41). Defendants have not responded to the Amended Complaint or the Motion, and the Clerk has entered the default of each Defendant (Doc. 36). For the reasons stated herein, the Motion (Doc. 40) is **GRANTED**.

## I. BACKGROUND

Defendant Quapaw House, Inc. ("QHI") is a non-profit organization headquartered in Hot Springs, Arkansas, that provided residential treatment and mental health services throughout the state. Defendant Casey Bright was the Chief Executive Officer of QHI until he resigned on March 18, 2020. Ms. Schatz was a program director at QHI's facility in Bentonville. In early 2020, QHI was experiencing financial hardship. Ms. Schatz alleges that she and other employees have not been paid for any work they performed since February 25, 2020. Furthermore, Ms. Schatz alleges that deductions for health insurance premiums were taken from paychecks issued in February, but QHI stopped providing health insurance on January 31. On April 16, 2020, Ms. Schatz filed suit on behalf of herself and others similarly situated, alleging violations of both the federal Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA").

1

Defendants failed to respond, and a Clerk's default was entered against each of them. By that time, Ms. Schatz had been officially terminated on April 20, 2020, and QHI had been placed in receivership. See Docs. 40-1 & 40-2. Ms. Schatz filed an Amended Complaint, adding a claim for failure to pay wages owed at termination, in violation of Arkansas Code § 11-4-405. Ms. Schatz was not able to locate Mr. Bright for service in his personal capacity and as the registered agent of QHI, so the Court permitted service via warning order. See Doc. 30. Defendants' answer was due March 29, 2021, following publication of the warning order. However, no responsive pleading was filed, and the Clerk once again entered the default of each Defendant. See Doc. 36.

The Court held a status conference on May 7, 2021, during which Plaintiff's counsel acknowledged that Arkansas Code § 11-4-405 would provide Plaintiff and putative class members with the most complete relief among the various claims alleged in the Amended Complaint. Ms. Schatz now seeks certification of a class to pursue that state law claim for unpaid wages on behalf of herself and other similarly situated QHI employees pursuant to Rule 23 of the Federal Rules of Civil Procedure.[1] Plaintiff asks the Court to certify a class of all individuals "who were employees of Quapaw House, Inc. and/or Casey Bright since January 1, 2020 who suffered nonpayment of wages upon and subsequent to termination and improper deductions from select wages actually paid," (Doc. 40, p. 1), and approve the proposed form of the notice.

---

[1] Earlier in the litigation, the question was raised (and briefed) whether Plaintiff's minimum wage and overtime claims under the AMWA could be handled as a Rule 23 class action or whether a recent amendment to Arkansas Code § 11-4-218(e) would require a federal court to use an opt-in class rather than an opt-out class to manage the claims of similarly situated individuals. Since Plaintiff is pursuing relief under § 11-4-405, however, this question is no longer relevant, as, by its plain language, § 11-4-218(e) applies only to minimum wage and overtime claims under Subchapter 2 of Chapter 4.

2

## II. LEGAL STANDARD

The party seeking class certification bears the burden of proving that the requirements of Rule 23 are satisfied. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Pursuant to Rule 23, certifying a class action requires a two-step analysis. First, a class action may be maintained if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)–(4). Second, a class action will be deemed appropriate if a court finds that questions of law or fact common to class members predominate over questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). The district court retains "broad discretion in determining whether to certify a class, recognizing the essentially factual basis of the certification inquiry and . . . the district court's inherent power to manage and control pending litigation." *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 616 (8th Cir. 2011) (cleaned up).

## III. DISCUSSION

### A. Certification

*1. Numerosity and Ascertainability*

The Court begins its discussion by assessing whether the class is so numerous that joinder of all members is impracticable, and, relatedly, whether the members of the class are readily ascertainable. The Eighth Circuit, "unlike most other courts of appeals, has not outlined a. . . separate, preliminary requirement" of ascertainability that would

require plaintiffs to demonstrate a method of identifying class members that is administratively feasible. *See Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 996 (8th Cir. 2016). Rather, the Eighth Circuit simply adheres to a rigorous analysis of the Rule 23 factors, and while it recognizes that this analysis necessarily entails that a class be "adequately defined and clearly ascertainable," the focus of this threshold inquiry is on whether the proposed class definition identifies class members by objective criteria, rather than on the administrative concerns that are already taken into account by the Rule 23(b)(3) factors of predominance and superiority. *See id.*

The Court is satisfied that this factor favors class certification. Ms. Schatz expects that there are about two hundred potential class members. Without the benefit of input from Defendants, the Court concludes that this is a reasonable estimate. QHI operated facilities throughout Arkansas and went out of business suddenly, so many employees may well have suffered the same law violation alleged by Ms. Schatz. A potential class of this size is certainly too numerous for joinder to be practicable, and the members of such a class are readily identifiable by objective criteria because they will all be former employees of QHI who were terminated but not paid all the wages owed to them.

*2. Commonality*

Commonality does not require "that every question of law or fact be common to every member of the class." *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982). In fact, as the Supreme Court noted in *Dukes*, "even a single common question will do." 564 U.S. at 359 (cleaned up). To establish commonality, the putative class members must have "suffered the same injury," and "[t]heir claims must depend upon a common contention." *Id*. at 349–50. In other words, the contention must "be of such a

4

nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." *Id*. at 350.

From the pleadings and the Motion for class certification, it is clear that all class members will have suffered the common injury of having been terminated from QHI without receiving all the wages owed to them. The Court can also identify several questions of law and fact that will be common to all class members, such as whether QHI deducted wages for health insurance, whether QHI provided health insurance during the period for which it made such deductions, and whether QHI stopped paying wages on a particular date without having compensated employees for all hours worked. Given the common contentions in this case shared by the Plaintiff and each potential class member, the Court finds that the commonality requirement is satisfied.

### 3. Typicality

The typicality requirement is satisfied where the proposed class members' claims "are based on the same legal or remedial theory." *Paxton*, 688 F.2d at 561–62. Thus, courts find that the claims can be maintained as a class action and satisfy the typicality requirement "despite factual variations among class members if the claims of the putative representative and class members advance the same legal theories and challenge the same pattern or practice, or alleged common course of fraudulent conduct." 1 *McLaughlin on Class Actions* § 4:24 (14th ed. 2017) (citing *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1117 (9th Cir. 2017)).

The members of the proposed class here will rely on the same legal theory as Ms. Schatz's claim. While employees may have been laid off on different dates and be owed

5

different amounts in damages, they were subject to the same alleged conduct—that is, termination without the payment of wages owed in violation of Arkansas Code § 4-11-405. Accordingly, the Court finds that the typicality requirement has been satisfied.

*4. Adequacy of Representation*

In many ways, the inquiry as to the adequacy of the class representation under Rule 23(a)(4) is similar to the inquiry on typicality. The Court must ask "whether the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court finds that Ms. Schatz will fairly and adequately represent the interests of the class. She has been pursuing this litigation for more than a year, through challenges obtaining service. There is no reason to believe that her commitment will change following certification. The Court is also satisfied that proposed class counsel have sufficient experience to represent the class in this matter. Accordingly, the Court finds that Plaintiff and her counsel will adequately represent the interests of the class.

*5. Predominance*

"The Rule 23(b) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The Eighth Circuit has explained that:

> When determining whether common questions predominate, a court must conduct a limited preliminary inquiry, looking behind the pleadings, but that inquiry should be limited to determining whether, if the plaintiffs' general allegations are true, common evidence could suffice to make out a prima facie case for the class. While limited in scope, this analysis should also be rigorous.

*In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d at 618 (cleaned up). In assessing whether common issues predominate, a court must ask "whether the common, aggregation-enabling, issues in the case are more prevalent or important that the non-

common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (quoting 2 William B. Rubenstein, Newberg on Class Actions § 4:49 (5th ed. 2012)). If "one or more of the central issues in the action" are common to the class and can be said to predominate, the class may be certified under Rule 23(b)(3) "even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Id.* (quoting Wright & Miller, *7AA Federal Practice & Procedure* § 1778 (3d ed. 2005)). Thus, "[p]redominance is determined not by counting the number of common issues, but by weighing their significance." *Lewis v. First Am. Title Ins. Co.*, 265 F.R.D. 536, 559 (D. Idaho 2010) (citing *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 627 (5th Cir. 1999)).

Here, the Court is confident that the common questions discussed above with regard to commonality and typicality also predominate over any individual inquiries regarding the exact date of termination, amount of deductions, or wages owed. Accordingly, the Court finds that the predominance requirement is satisfied.

*6. Superiority*

The second and final factor to consider in the Rule 23(b) analysis is whether the class action is a superior means of resolving this dispute as compared to other litigation methods. According to the Supreme Court, the "principal purpose" of a class action is to advance "the efficiency and economy of litigation." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553 (1974). In this regard, Rule 23 class actions may be viewed as having been created as a management tool to make litigation easier, not more complicated.

7

This litigation has more than two hundred potential class members. As discussed above, the class members will present similar facts and argue similar questions of law. It would be inefficient to require individual actions by each of the two hundred class members. Therefore, the Court finds the superiority requirement is satisfied.

### B. Notice

Having concluded that the litigation should proceed on a class-wide basis pursuant to Rule 23, the Court turns to the proposed form of the notice to class members. Notice should be "the best notice that is practicable under the circumstances" and should "clearly and concisely state in plain, easily understood language" all the information set forth in Rule 23(c)(2)(B). Ms. Schatz submitted a proposed notice, to which the Court has made some modifications. Ms. Schatz is authorized to send to potential class members the notice attached to this Memorandum Opinion and Order as Exhibit 1.

### IV. CONCLUSION

In light of the findings of the Court set forth above, **IT IS ORDERED** that Plaintiff's Amended Motion for Class Certification (Doc. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

(1) The certified class is defined as "individuals employed by Quapaw House, Inc. and Casey Bright since January 1, 2020."

(2) Plaintiff Amanda Schatz is designated as Class Representative.

(3) Miller, Butler, Schneider, Pawlik, & Rozzell, PLLC is appointed Class Counsel.

(4) Notice in the form that appears at Exhibit 1 to this Order is approved and should be disseminated via U.S. Mail and electronic mail to each class member's last known address and email address within 30 days of the entry of this order.

**IT IS SO ORDERED** on this 15th day of July, 2021.

                                                    */s/ Timothy L. Brooks*
                                                  TIMOTHY L. BROOKS
                                                  UNITED STATES DISTRICT JUDGE